UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TEQUILA CUERVO LA ROJEÑA S.A. de C.V.

             Plaintiff,

   -against-

JIM BEAM BRANDS CO.,

             Defendant.

10 Civ. _____ ( ___ )

10 CIV 0203

JURY TRIAL DEMANDED

---

**COMPLAINT FOR A DECLARATION THAT PLAINTIFF HAS NOT VIOLATED ANY RIGHTS OF THE DEFENDANT ARISING UNDER THE LANHAM ACT OR THE COMMON LAW**

Plaintiff Tequila Cuervo La Rojeña S.A. de C.V. ("Tequila Cuervo"), by its attorneys Abelman, Frayne & Schwab, complaining of the defendant Jim Beam Brands Co. ("Jim Beam"), alleges as follows:

### JURISDICTION AND VENUE

1. This is an action seeking a declaratory judgment that Tequila Cuervo's use of the Cuervo Bird Design as described in U.S. Application Serial No. 74/380,933 and pictured to the right does not violate or infringe any of Jim Beam's right arising under the Lanham Act, more particularly 15 U.S.C. §§ 1114 and 1125, or under the common law.

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1121 (Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (patent, trademark and copyright), 28 U.S.C. §§ 2201 and 2202 (declaratory judgments), and pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391.

## THE PARTIES

4. Tequila Cuervo is a corporation organized under the laws of Mexico, with offices at Guillermo Gonzalez Camarena #800, Centro de Ciudad (CEDED), Santa Fe, Mexico D.F. 01210, and Periferico Sur. No. 8500, Tramo Morelia, Chapala, Tlaquepaque, Jalisco, Mexico C.P. 45601. 

5. Tequila Cuervo is the owner of and has licensed the Cuervo Bird Design to Diageo North America, Inc. ("Diageo"), for use in connection with the distribution and sale of tequila in the United States.

6. Upon information and belief, the defendant Jim Beam is and was at all relevant times is a Delaware corporation with its principal place of business at 510 Lake Cook Road, Deerfield, Illinois 60015.

7. Upon information and belief, Jim Beam is the owner of U.S. Trademark Registration No. 382,554 (the "'554 Federal Trademark Registration"), for the design illustrated to the right. 

8. Upon information and belief, Jim Beam is the owner of U.S. Trademark Registration No. 808,936 (the "'936 Federal Trademark Registration"), for the design illustrated to the right.

9. Upon information and belief, Jim Beam was the owner of now cancelled U.S. Trademark Registration No. 1,738,570 (the "'570 Federal Trademark Registration"), for the design illustrated to the right.

10. Upon information and belief, Jim Beam is the owner of U.S. Trademark Registration No. 1,880,804 (the "'804 Federal

Trademark Registration"), for the mark "OLD CROW", and the design illustrated to the right. The '554 Federal Trademark Registration, '936 Federal Trademark Registration, '570 Federal Trademark Registration, and '804 Federal Trademark Registration are hereinafter jointly referred to as "Beam's Registrations".

## THE FACTS

11. On or about May 14, 2008, Jim Beam filed an Amended Complaint (the "Amended Complaint"), in the Supreme Court of the State of New York, New York County (the "State Court Action"), against Tequila Cuervo and three other Defendants, Diageo, Jose Cuervo International, Inc. ("JCI"), and Heublein, Inc. ("Heublein"), for the purported breach of a 1997 agreement between Jim Beam and Tequila Cuervo (the "1997 Agreement"). Tequila Cuervo agreed to restrict its use of the Cuervo Bird Design in the 1997 Agreement.

12. Heublein was never served with the Amended Complaint, and by Order dated November 13, 2008, the State Court Action was dismissed as against Diageo and JCI because they were not parties to the 1997 Agreement.

13. Jim Beam alleged in the Amended Complaint that Tequila Cuervo breached the 1997 Agreement by displaying the Cuervo Bird Design on the labeling and cork closure of "Jose Cuervo Tradicional" tequila in a manner that is purportedly larger and more prominent than is permitted under the 1997 Agreement, and on the <www.cuervo.com> and <www.mundocuervo.com> promotional web sites.

14. Subsequent to filing its Amended Complaint, Jim Beam has further alleged that the use of bird like images on packaging

-3-

for Tequila Cuervo's "Reserva De La Familia" tequila also breached the 1997 Agreement. Tequila Cuervo's use of the bird images set forth in this and the preceding paragraph are hereinafter referred to as the "Accused Uses Of the Cuervo Bird Design".

15. In the State Court Action, Jim Beam seeks to recover and has attempted to quantify its lost profits due to Tequila Cuervo's purported breach of the 1997 Agreement pursuant to a "Reasonable Royalty" theory.

16. Jim Beam's "Reasonable Royalty" damage theory presumes that the Accused Uses Of the Cuervo Bird Design infringe trademarks owned by it including, *inter alia*, Beam's Registrations.

17. Jim Beam's "Reasonable Royalty" damage theory presumes that the Accused Uses Of the Cuervo Bird Design dilutes trademarks owned by it including, *inter alia*, Beam's Registrations.

18. Jim Beam's "Reasonable Royalty" damage theory presumes that the Accused Uses Of the Cuervo Bird Design by Tequila Cuervo would be unlawful unless undertaken pursuant to a license granted by Jim Beam.

19. Jim Beam's "Reasonable Royalty" damage theory presumes that Tequila Cuervo would have agreed to pay a royalty to Jim Beam for a license permitting the Accused Uses Of the Cuervo Bird Design, and that Jim Beam would have granted such a license to Tequila Cuervo.

20. Jim Beam Reasonable Royalty theory of damages is premised on allegations that Tequila Cuervo has infringed and/or diluted its trademark(s) including, *inter alia*, Beam's Registrations.

## AS AND FOR TEQUILA CUERVO'S
## CLAIM FOR DECLARATORY RELIEF

21. Tequila Cuervo incorporates paragraphs 1 through 20 as if fully stated herein.

22. By this action Tequila Cuervo seeks to enjoin Jim Beam, and those acting in concert with it from alleging that Tequila Cuervo has infringed and/or diluted its trademarks, including *inter alia*, Beam's Registrations, and from otherwise interfering with Tequila Cuervo's right to market, advertise, promote, and sell tequila products using the Cuervo Bird Design.

23. Upon information and belief, Jim Beam has made the foregoing accusations with the purposeful intent of interfering with Tequila Cuervo's legitimate efforts to market, advertise, promote, and sell tequila products using the Cuervo Bird Design.

24. Notwithstanding the allegations made by Jim Beam, there is no likelihood that the relevant public is likely to confuse the source, origin, or affiliation of tequila being sold by Tequila Cuervo using the Cuervo Bird Design with Jim Beam.

25. Notwithstanding the allegations made by Jim Beam, Tequila Cuervo's use of the Cuervo Bird Design has not and is not likely to dilute any trademark owned by Jim Beam.

26. Tequila Cuervo's use of the Cuervo Bird Design in connection with the marketing, advertising, promotion, offering, or sale of tequila does not violate or infringe any rights of Jim Beam arising under the Lanham Act or the common law.

27. Upon information and belief, it is the intention of Jim Beam to assert claims against Tequila Cuervo in federal district court alleging violations of the Lanham Act and the common

law predicated on Tequila Cuervo's use of the Cuervo Bird Design in connection with the sale of tequila.

28.  There is an actual controversy between Tequila Cuervo and Jim Beam as set forth herein with respect to the right of Tequila Cuervo to use the Cuervo Bird Design free of any claim by or interference from Jim Beam.

29.  Unless an injunction issues barring Jim Beam, and those acting in concert with it from the foregoing conduct, Tequila Cuervo will be irreparably injured.

30.  On account of the actions of Jim Beam, Tequila Cuervo has suffered monetary damage, the amount of which is yet to be ascertained.

**WHEREFORE**, Tequila Cuervo prays:

1.  for a declaration that Tequila Cuervo's use of the Cuervo Bird Design in connection with the sale of tequila is not an infringement or violation of any of Jim Beam's trademark right(s) including, *inter alia*, Beam's Registrations;

2.  for a preliminary and permanent injunction prohibiting Jim Beam, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it from alleging under oath, seeking to prove, or seeking recover damages in the State Court Action pursuant to the foregoing Reasonable Royalty theory of damages, or from alleging that Tequila Cuervo has infringed and/or diluted its trademark(s) including, *inter alia*, Beam's Registrations, or seeking to recover damages arising therefrom;

3. that Tequila Cuervo be awarded its damages, attorneys' fees, costs, interest, and disbursements of this action; and

4. for such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury for all issued triable to a jury.

Dated: January 11, 2010
New York, New York

ABELMAN FRAYNE & SCHWAB

*/s/ Anthony A. Coppola*

Lawrence E. Abelman (LA 6486)
Michael Ascher (MA 6336)
Anthony A. Coppola (AC 3548)
666 Third Avenue
New York, New York  10017
(212) 949-9022

Counsel for the Plaintiff