USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/4/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TEQUILA CUERVO LA ROJENA S.A. de C.V.,  :   10 Civ. 0203 (SHS)
                                        :
                                        :   OPINION & ORDER
                                        :
                                        :
                       Plaintiff,       :
                                        :
         -against-                      :
                                        :
                                        :
JIM BEAM BRANDS CO.,                    :
                                        :
                       Defendant.       :
                                        :
------------------------------------------------------------------x

SIDNEY H. STEIN, U.S.D.J.

On January 11, 2010, plaintiff Tequila Cuervo La Rojena S.A. de C.V. ("Tequila Cuervo") filed a complaint in this Court against Jim Beam Brands Co. ("Jim Beam"), seeking a declaratory judgment that Tequila Cuervo's use of the "Cuervo Bird Design" in connection with the sale of tequila is not an infringement or violation of any of Jim Beam's rights in Jim Beam's registered trademarks. Jim Beam has now moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. For the reasons set forth below, defendant's motion to dismiss is denied.

**I. BACKGROUND**

The following facts are taken from the complaint and are presumed to be true for the purposes of this motion.

Tequila Cuervo is the owner of, and has licensed the Cuervo Bird Design to, Diageo North America, Inc. ("Diageo") for use in connection with the distribution and sale of tequila in the United States. (Compl. ¶ 5.) In 2008, Jim Beam filed a complaint in the Supreme Court of New York, New York County, against Tequila Cuervo and three other defendants—Diageo, Jose Cuervo

1

International, Inc., and Heublein, Inc.—for the purported breach of a 1997 agreement between Jim Beam and Tequila Cuervo (the "1997 Agreement").¹ (*Id.* ¶ 11.) In that agreement, Tequila Cuervo agreed to restrict its use of the Cuervo Bird Design. (*Id.*)

In the state complaint, Jim Beam alleged that Tequila Cuervo breached the 1997 Agreement by displaying the Cuervo Bird Design on certain Cuervo promotional websites and on the labeling and cork closure of "Jose Cuervo Tradicional" tequila in a manner that is purportedly larger and more prominent than is permitted under the 1997 Agreement. (*Id.* ¶ 13.) As the state action progressed, plaintiff maintains that Jim Beam impermissibly attempted to convert the state contract claim into a federal trademark claim by seeking damages that are awardable only in trademark actions. (*Id.* ¶¶ 15-20.) Shortly after that issue arose in the state action, Cuervo filed this declaratory judgment action.

## II. DISCUSSION

### A. Legal Standard

The declaratory judgment statute, 28 U.S.C. § 2201, "does not by itself confer jurisdiction on a district court, *see Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)." *Fleet Bank, N.A. v. Burke*, 160 F.3d 883, 886 (2d Cir. 1998). In addition, a complaint seeking a declaratory judgment is to be tested, for purposes of the "well-pleaded complaint" rule, as if the defendant in the declaratory judgment action "had initiated a lawsuit against the declaratory judgment plaintiff." *Id.*; *see also Public Service Commission v. Wycoff Co.*, 344 U.S. 237, 248, (1952); 15 James Wm. Moore, Moore's Federal Practice § 103.44[1], at 103-67 (3d ed. 1998) ("[T]he nature of the potential coercive action that the defendant might bring against the declaratory judgment plaintiff must be analyzed. The court will ask whether in this hypothetical suit, a federal question would be presented.") (footnote omitted).

### B. Analysis

---

¹ All defendants except Tequila Cuervo were subsequently dismissed from the state action. (*Id.* ¶ 12.)

Although Jim Beam vigorously argues that this declaratory judgment action is really a defense to Beam's state law claim and fails to establish federal jurisdiction since the state case is a simple contract dispute under state law, that analysis is misguided. Jim Beam, despite having initiated an action for breach of contract in state court, is presumably still free to sue Cuervo for federal trademark infringement for the same conduct that gave rise to the breach of contract claim in state court. Indeed, Beam specifically stated at oral argument of this motion on April 8, 2010 that it did not consent to refrain from bringing a trademark infringement suit against Tequila Cuervo in federal court. (Tr. of Oral Argument at 17:13-15, 27:14-18.) Cuervo offered to withdraw the declaratory judgment action in this Court if Jim Beam would agree to limit the scope of their dispute to the contract claim in state court (*id.* at 29:14-20), but Beam rejected that offer, reserving its right to sue Cuervo in the future for trademark infringement (*id.* at 17:13-15, 27:14-18).

Plaintiffs point this Court to *Colonial Penn Group Inc., v. Colonial Deposit Company*, 834 F.2d 229 (1st Cir. 1987), as authority for dismissing this declaratory judgment complaint. According to the United States Court of Appeals for the First Circuit, this Court needs to "determine the character of the state court action to see whether that action itself involves a claim under federal law." 834 F.2d at 233. Jim Beam maintains that the state action is a simple contract claim, while Cuervo argues that the theory of damages proposed by Jim Beam in the state court action evinces that trademark infringement is also at issue in the state case. The Court finds that the complaint in the state court action supports Jim Beam's position, which is in fact why the state action was remanded to New York state court on April 8, 2010 subsequent to its earlier removal to this Court. (*See* Order dated April 8, 2010, *Jim Beam Brands Co. v. Tequila Cuervo La Rojena S.A. de C.V.*, 10 Civ. 1710 (SHS).)

That does not end the inquiry, however, because the decision in *Colonial Penn*—also a declaratory judgment action—indicates that a court should consider whether it is fair to characterize the federal action "merely as a defense" to the state law action. 834 F.2d. at 234. In *Colonial Penn*,

plaintiff sought a determination of "*state*-created rights," *id.* at 235 (emphasis in original); In this action, however, *Cuervo* seeks a declaration stating that Jim Beam's "*federal* rights will not be infringed" by the Cuervo's actions, *id.* at 234 (emphasis in original). In these circumstances, the Court finds that "such declaratory relief is proper . . . so that the parties' respective rights can be determined." *Id.* at 235.

As noted in *Colonial Penn*, however, even in such cases "there must be a substantial threat of a federal infringement action by the declaratory judgment defendant in order to establish the actual controversy that gives rise to a cause of action under the Declaratory Judgment Act." *Id.* at 235 n.4. It is unclear what precisely Cuervo will gain even were it to prevail in the instant action since its contract with Jim Beam potentially could still be violated even if Cuervo's bird designs are found not to infringe on any of Beam's federally registered trademarks. Nonetheless, Jim Beam has specifically stated it retains its ability to bring a trademark infringement suit against Cuervo in federal court. (Tr. of Oral Argument at17:13-15, 27:14 -18.) Cuervo is thus entitled to bring this declaratory judgment action because the conduct of the parties indicates there is a genuine issue in dispute over the scope of Jim Beam's federally protected trademarks. Accordingly, this declaratory judgment action is proper and defendant's motion to dismiss the complaint is denied.

Dated: New York, New York
       May 4, 2010

SO ORDERED:

Sidney H. Stein, U.S.D.J.