UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
TEQUILA CUERVO LA ROJENA, S.A. DE C.V.,   :
                                           :   10 Civ. 0203 (SHS)
                    Plaintiff,             :
                                           :   OPINION & ORDER
         -against-                         :
                                           :
JIM BEAM BRANDS CO.,                       :
                                           :
                    Defendant.             :
-----------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

Tequila Cuervo la Rojena, S.A. de C.V., seeks a declaration that certain uses of an image of a crow in the dress and marketing for its brands of tequila do not violate the federal trademark rights of Jim Beam Brands Co. Jim Beam has offered to stipulate that it will not sue Cuervo for infringement, which it contends moots this declaratory action. As explained below, the Court agrees and dismisses Cuervo's complaint.

## I. BACKGROUND

Cuervo uses an image of a crow in regal posture, known as the Cuervo Bird Design, in marketing its tequila. (Compl. ¶¶ 1, 5, 13-14.) That use has occasioned conflict with Jim Beam, which owns a quartet of trademarks depicting crows. (*Id.* ¶¶ 7-11.) In a 1997 contract with Jim Beam, Cuervo agreed to limit its use of the Cuervo Bird Design. (*Id.* ¶ 11.) In 2008, Jim Beam accused Cuervo of violating those limits and sued for breach of contract in the Supreme Court of New York, New York County. (*Id.*) Cuervo unsuccessfully attempted to remove the state action to federal court. *See Jim Beam Brands Co. v. Tequila Cuervo La Rojena S.A. de C.V.* (*Cuervo I*), No. 10 Civ. 1710, 2010 WL 1437924 (S.D.N.Y. Apr. 9, 2010). That case remains pending in the New York state court.

In January 2010, Cuervo commenced this action seeking a declaratory judgment that its use of the Cuervo Bird Design does not violate or infringe Jim Beam's trademark rights. (Compl. ¶ 1.) Cuervo invokes the Court's federal question jurisdiction in this declaratory judgment action. (*Id.* ¶ 2.) It does not claim jurisdiction on the basis of diversity of citizenship.

Jim Beam previously moved to dismiss this action for lack of subject matter jurisdiction. The Court denied that motion, concluding that the possibility that Jim Beam could bring a federal trademark infringement action against Cuervo supplied the controversy needed to sustain declaratory judgment jurisdiction. *See Tequila Cuervo la Rojena S.A. de C.V. v. Jim Beam Brands Co.* (*Cuervo II*), No. 10 Civ. 0203, 2010 WL 1790394, at *2 (S.D.N.Y. May 4, 2010).[1]

Jim Beam now moves pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings. It proffers a stipulation that it will not sue Cuervo for trademark infringement based on the contested uses of the Cuervo Bird Design. It argues that this stipulation moots this action, thereby divesting the Court of jurisdiction.

**II. DISCUSSION**

A court may consider subject matter jurisdiction "at any time" in the proceedings, Fed. R. Civ. P. 12(h)(3); *see Weinstein v. Islamic Republic of Iran*, 609 F.3d 43, 47 (2d Cir. 2010), and has discretion to look beyond the pleadings when doing so, *see Bldg. & Constr. Trades Council of Buffalo, New York & Vicinity v. Downtown Dev., Inc.*, 448 F.3d 138, 150 (2d Cir. 2006); *Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002). In the context of a declaratory judgment action, the existence of subject matter jurisdiction turns on "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory

---

[1]   The Court also denied Jim Beam's motion for reconsideration of that decision. *See* Order of June 28, 2010, Dkt. No. 30.

judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (internal quotation marks omitted). This controversy "must be extant at all stages of review, not merely at the time the complaint is filed." *Steffel v. Thompson*, 415 U.S. 452, 460 n.10 (1974). If events overtake the controversy that supplied jurisdiction at the outset, the case becomes moot and jurisdiction ceases. *See, e.g.*, *id.* at 459-60; *Golden v. Zwickler*, 394 U.S. 103, 108-10 (1969); *Penguin Books USA Inc. v. Walsh*, 929 F.2d 69, 72-73 (2d Cir. 1991).

This Court previously held that the threat of Jim Beam suing to enforce its federal trademark rights supplied the requisite controversy enabling jurisdiction in this matter. *See Cuervo II*, 2010 WL 1790394 at *2. Where the threat of suit alone supports declaratory jurisdiction, a defendant's covenant not to sue may moot the case. *See Caraco Pharm. Labs., Ltd. v. Forest Labs., Inc.*, 527 F.3d 1278, 1296 (Fed. Cir. 2008). The promise not to sue enables the plaintiff to engage in its preferred conduct without fear of legal reprisal, affording relief equivalent to that requested via declaratory judgment and thereby rendering the action moot. *See id.*; *see also Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed."). In such instances, "[w]hether a covenant not to sue will divest the trial court of jurisdiction depends on what is covered by the covenant." *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1297 (Fed. Cir. 2009).

Via a stipulation signed by its counsel, Jim Beam agrees to release any claims for "trademark infringement, dilution, or unfair competition under the Lanham Act (15 U.S.C. §§ 1111-1129) or any state law, other than a breach of contract claim, based on Cuervo's" past, current and continued use in United States commerce "of a design of a crow, raven or similar

3

bird, disclosed to Jim Beam and at issue" in the pending New York contract action.[2] (Decl. of Mimi K. Rupp in Supp. of Judgment on the Pleadings dated Aug. 6, 2010 ("Rupp Decl."), Ex. C.)  In its memoranda, Jim Beam explicitly and repeatedly states that this stipulation encompasses all of Cuervo's "Accused Uses," (Def.'s Mem. in Supp. of Judgment on the Pleadings ("Def.'s Mem.") at 2, 6, 8-10; Def.'s Reply Mem. in Supp. of Judgment on the Pleadings ("Def.'s Reply") at 1, 3, 6, 10), which are defined in the complaint as (1) use of the Cuervo Bird Design "on the labeling and cork closure of 'Jose Cuervo Tradicional' tequila in a manner that is purportedly larger and more prominent than is permitted under the 1997 Agreement," (Compl. ¶ 13); (2) use of the Cuervo Bird Design on the www.cuervo.com and www.mundocuervo.com promotional web sites, (*id.*); and (3) "use of bird like images on

---

[2]   The full text of the stipulation, (*see* Rupp. Decl., Ex. C), is as follows:

IT IS HEREBY STIPULATED AND AGREED by Jim Beam Brands Company ("Jim Beam"), through its undersigned counsel, that it covenants and promises not to file any future action, or amend any existing complaint, or otherwise assert any claim for damages or other relief against Tequila Cuervo La Rojena S.A. de C.V. ("Cuervo") and/or its parent companies, subsidiaries, affiliates, successors and assigns for trademark infringement, dilution, or unfair competition under the Lanham Act (15 U.S.C. §§ 1111-1129) or any state law, other than a breach of contract claim, based on Cuervo's:

(a)   past use in United States commerce of a design of a crow, raven or similar bird, disclosed to Jim Beam and at issue in the contract litigation styled *Jim Beam Brands Company v. Tequila Cuervo La Rojena S.A. de C.V.*, Index No. 08-600122 (Supreme Court of New York, New York County) (the "State Action");

(b)   current and continued use in United States commerce, disclosed to Jim Beam and at issue in the State Action, of a design of a crow, raven or similar bird; and

(c)   past use in United States commerce of a design of a crow, raven or similar bird, even if not disclosed to Jim Beam or at issue in the State Action, provided such use has been discontinued.

IT IS FURTHER STIPULATED AND AGREED that the exclusive cause of action Jim Beam has against Cuervo and/or its parent companies, subsidiaries, affiliates, successors and assigns for the conduct defined in and released in (a)-(c) above is a breach of contract claim and nothing in this Stipulation shall be construed as a waiver or limitation of any rights Jim Beam may have in a breach of contract claim.

IT IS FURTHER STIPULATED AND AGREED that this Stipulation is contingent upon the dismissal of Cuervo's declaratory judgment action.  In the event that the Court does not accept the Stipulation or a mutually acceptable variation thereof and dismiss this action as a result, Jim Beam expressly reserves whatever rights it may have in this matter.

IT IS FURTHER STIPULATED AND AGREED that this Stipulation amends and restates the prior stipulation dated May 18, 2010.

packaging for Tequila Cuervo's 'Reserva De La Familia' tequila," (*id.* ¶ 14). In response, Cuervo does not contend that Jim Beam's stipulation fails to cover any of the Accused Uses.

The Court agrees with Jim Beam that the stipulation eliminates the threat of suit for trademark infringement on the basis of past, present or continuing instances of the Accused Uses. That is sufficient to moot this action and require dismissal for lack of subject matter jurisdiction. *See, e.g.*, *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1343, 1348 (Fed. Cir. 2007); *Dodge-Regupol, Inc. v. RB Rubber Prods., Inc.*, 585 F. Supp. 2d 645, 649-55 (M.D. Pa. 2008); *Crossbow Tech., Inc. v. YH Tech.*, 531 F. Supp. 2d 1117, 1121-25 (N.D. Cal. 2007); *Arista Techs., Inc. v. Arthur D. Little Enters., Inc.*, 125 F. Supp. 2d 641, 655 (E.D.N.Y. 2000). Cuervo offers four arguments to rebut this conclusion, none of which are availing.

First, Cuervo points out that the stipulation is signed only by Jim Beam's counsel and not an officer of Jim Beam. This objection is ill-founded. It ignores the tenet, essential to "our system of representative litigation," that "each party is deemed bound by the acts of [its] lawyer-agent." *Link v. Wabash,* 370 U.S. 626, 634 (1962); *see Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1057 (Fed. Cir. 1995) (rejecting the argument that a covenant not to sue was insufficient to moot a case because the covenant was offered by the party's counsel and not the party itself), *abrogated on other grounds by MedImmune, Inc*, 549 U.S. at 130 n.11. Moreover, the stipulation is not simply an act of Jim Beam's counsel, but an express undertaking of Jim Beam itself. (*See* Rupp. Decl., Ex. C. ("It is hereby stipulated and agreed *by Jim Beam Brands Company* ("Jim Beam"), through its undersigned counsel, that it covenants and promises not to file any future action . . ." (emphasis added).)

Second, Cuervo objects to the stipulation on the ground that it has not agreed to its terms. Unilateral stipulations, however, can be sufficient to divest a court of jurisdiction. *See, e.g.*,

5

*Benitec Australia, Ltd*, 495 F.3d at 1343; *Super Sack*, 57 F.3d at 1057. By successfully asserting lack of subject matter jurisdiction on the basis of its stipulation not to sue Cuervo "under the Lanham Act or analogous state law for the Accused Uses," (Def.'s Mem. at 2), Jim Beam has estopped itself from reversing course. *See Super Sack*, 57 F.3d at 1059; *see generally Peralta v. Vasquez*, 467 F.3d 98, 105 (2d Cir. 2006) ("Judicial estoppel ensures, inter alia, that abandonment of a claim to obtain a litigation advantage precludes the later reassertion of that claim." (internal quotation marks omitted)). Jim Beam in fact concedes the estoppel resulting from its litigation position. (Def.'s Reply at 6.) That Cuervo has not specifically assented to the terms of the stipulation is therefore inconsequential.

Third, Cuervo argues that Jim Beam's stipulation is inadequate because it does not contain an admission that the Accused Uses do not infringe Jim Beam's trademarks. There is no requirement, however, that a stipulation not to sue contain such a concession. *See, e.g.*, *Dodge-Regupol*, 585 F. Supp. 2d at 649; *Crossbow Tech.*, 531 F. Supp. 2d at 1122; *Arista Techs.*, 125 F. Supp. 2d at 654-55. As explained above, if jurisdiction is predicated only on the threat of suit, the elimination of that threat provides adequate relief that moots the need for a declaration of the parties' rights. *See Caraco Pharm. Labs.*, 527 F.3d at 1296.

Cuervo's final argument relies on the fact that Jim Beam is seeking reasonable royalty damages in its New York state breach of contract action currently pending against Cuervo. (Compl. ¶ 15.) Reasonable royalties are a measure of damages most often employed in cases of trademark or patent infringement. *See Veritas Operating Corp. v. Microsoft Corp.*, No. C06-0703, 2008 WL 7404617, at *3-4 (W.D. Wash. Feb. 26, 2008) (discussing reasonable royalty damages generally and their applicability to a breach of contract claim). Cuervo has maintained throughout this federal declaratory judgment action that a controversy exists as a result of Jim

Beam's pursuit of reasonable royalty damages in the New York state action because Cuervo "must be afforded the opportunity to defend itself and prove there has been no trademark infringement to prevent Beam from unjustly recovering such damages." (Pl.'s Mem. at 14-15.) This argument assumes that a finding of non-infringement would establish a defense to Jim Beam's theory of damages in the New York state court action. Whatever the merits of such a defense pursuant to New York contract law, this declaratory action is not the proper vehicle for Cuervo to assert it. This action is premised on federal question jurisdiction, (Compl. ¶ 2), which does not exist for a declaratory judgment that seeks only to establish a federal law defense to a state law cause of action, *see Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672-74 (1950); *Fleet Bank, Nat'l Ass'n v. Burke*, 160 F.3d 883, 886 (2d Cir. 1998).

As this Court previously explained, the state action between Cuervo and Jim Beam is a state law breach of contract dispute, pure and simple. *See Cuervo II*, 2010 WL 1790394 at *2. To the extent that a finding of non-infringement of Jim Beam's trademark rights would establish a defense to the damages sought in the New York state matter, Cuervo may not litigate that defense via this proceeding. Cuervo's position – that Jim Beam cannot obtain reasonable royalty damages without a finding of trademark infringement, that there has been no infringement, and that reasonable royalty damages are not available in a breach of contract action – is of course one it remains free to advance in the state action.

In sum, Jim Beam's stipulation divests this Court of jurisdiction by eliminating the threat of suit for trademark infringement on the basis of the Accused Uses. In reaching this conclusion, the Court is mindful that the apprehension of litigation is not the only avenue for establishing declaratory jurisdiction. *See MedImmune,* 549 U.S. at 130 n.11. Cuervo, however, has failed to identify any other viable basis for declaratory jurisdiction.

Accordingly, Jim Beam's motion for judgment on the pleadings is granted; the Clerk of the Court is directed to dismiss this action for lack of subject matter jurisdiction.

Dated: New York, New York
      February 8, 2011

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.